IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Jones, | ) | C/A No. 0:11-420-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| John Ozmit; Connie C. Taylor, *Lt.*; Annie Sellers, *DHO*; Robin Chavis, *Warden*,; Shanya McRae, *officers*; Willie L. Eagleton, *Warden*, | ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, Nathaniel Jones ("Jones"), who is self-represented, filed a Complaint in the Court of Common Pleas in Edgefield County asserting violations of his constitutional rights. The defendants removed the case[1] to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Jones of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 27.) Jones filed a response in opposition to the defendants' motion (ECF No. 31), the

---

[1] The court observes that Jones has "three strikes" under the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g). However, because the defendants removed the case, they paid the filing fee. A complaint filed by Jones in this court that asserted similar allegations to those asserted here was summarily dismissed. See Jones v. Ozmit, et al., C/A No. 0:11-419-JMC-PJG.

Page 1 of 8



defendants filed a reply (ECF No. 32), and Jones filed a sur-reply,[2] which he later supplemented (ECF Nos. 33, 34, & 35). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

Jones's Complaint alleges that, while housed at Evans Correctional Institution, his due process rights were violated during a disciplinary hearing, resulting in a loss of good time credit, and amounting to an "unreasonable seizure of property" in violation of the "Fourth and Fourteenth Amendment[s]." (Compl. at 3-4, ECF No. 1-1 at 6-7.) Jones seeks monetary damages and restoration of his good time credits.

## DISCUSSION

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[2] The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged." However, even considering Jones's sur-reply, it does not change the court's analysis of the legal issues and its recommendation to grant summary judgment.



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Jones's Claims**

    **1.      Violations of Due Process**

Defendants are entitled to summary judgment on Jones's constitutional due process claims because he has failed to present any evidence that his convictions were overturned, and success on this claim would necessarily imply the invalidity of his disciplinary conviction. A plaintiff cannot recover damages on a § 1983 civil rights claim for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus.



Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The rule in Heck applies to prison disciplinary convictions as well as criminal ones. Edwards v. Balisok, 520 U.S. 641 (1997).

Here, the unrefuted evidence reflects that Jones was sentenced to sanctions, including loss of good time days, for two reports of incidents in which he was out of place without authority. (See Sellers Aff. ¶¶ 6-7, 10, ECF No. 26-2 at 2-3; Disciplinary Report and Hearing Record, ECF No. 26-2 at 6.) There is no evidence in the record that Jones's conviction was overturned, and, in fact, Jones appears to argue the futility of pursuing appellate review of his conviction. (See Pl.'s Resp. Opp'n Summ. J. at 23, ECF No. 31 at 27.) Moreover, in his Complaint, Jones seeks compensation of "Two (2) million dollars in damages And [to] restore all Unreasonable Seizure of Property."[3] (Compl. at 4, ECF No. 1-1 at 7.) Because prevailing on this claim would necessarily imply the invalidity of those disciplinary convictions, his § 1983 claim is barred.

## 2. Personal Participation

Defendant Ozmint,[4] the former Director of the South Carolina Department of Corrections, is entitled to judgment as a matter of law for the additional reason that Jones raises no allegations that he personally participated in any way in the alleged violations of his constitutional rights. The doctrine of respondeat superior cannot support liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See

---

[3] To the extent Jones seeks restoration of his good time credits, such relief is not available under § 1983 in any event. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

[4] The record contains references to this defendant as "John Ozmit" and "John Ozmint."



Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948 (2009). Mere knowledge is not sufficient to establish personal participation. Id. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 1957 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

Here, Jones merely names defendant Ozmint in the caption and fails to assert any allegations against him whatsoever. Therefore, the claims against this defendant fail as a matter of law.

### 3. Civil Conspiracy

To the extent that Jones's Complaint may be construed to allege civil conspiracy, the defendants are entitled to summary judgment because Jones does not allege that the defendants acted in concert. To establish a conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. Further, the

"[i]ndependent acts of two [or more] wrongdoers do not make a conspiracy." Murdaugh Volkswagon v. First Nat'l Bank, 639 F.2d 1073, 1075-76 (4th Cir. 1981). When a plaintiff makes only conclusory allegations of a conspiracy and fails to demonstrate any agreement or meeting of the minds among the defendants, no claim will lie. See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126-27 (9th Cir. 1989); Ruttenberg v. Jones, 283 F. App'x 121, 131-32 (4th Cir. 2008).

In this instance, Jones fails to allege that the defendants acted in concert, but rather asserts that the defendants each independently withheld information and evidence from the hearing officer resulting in his conviction. In his affidavit, Jones alleges that he was written up by different officers for being out of place in two separate locations on different days, for different reasons. (Jones Aff. ¶ 3, ECF No. 31-1 at 1, 2; id. ¶ 10, ECF No. 31-1 at 4.) Jones further alleges that Warden Chavis simply referred the matter to the hearing officer (id. ¶ 11, ECF No. 31-1 at 4), and that, after the hearing, Defendant Eagleton reviewed the conviction in a Step One Grievance (id. ¶ 13, ECF No. 31-1 at 6). Because no evidence indicates that any of the defendants planned or acted together to deprive Jones of any right, any alleged conspiracy claim fails.

### 4. Other Claims

To the extent that Jones's Complaint may be construed to allege any other claims and to the extent that the defendants' motion addresses other claims which they conjecture that Jones may be attempting to assert, the court finds that such claims are not properly before the court. See Iqbal, 129 S. Ct. at 1953. Moreover, to the extent that Jones attempts to raise in his response in opposition to summary judgment or in his sur-reply additional claims against the defendants that were not asserted in his Complaint, these claims are not properly before the court in this action. See Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical

Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

## RECOMMENDATION

Jones's claims fail as a matter of law. The court therefore recommends that the defendants' motion for summary judgment (ECF No. 26) be granted and Jones's discovery motions (ECF Nos. 12, 13, 15, & 23) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 30, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).