IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCKHILL DIVISION

| | |
|---|---|
| Nathaniel Jones, | ) |
|        Plaintiff, | ) C.A. No. 0:11-cv-00420-JMC |
| v. | ) **OPINION & ORDER** |
| John Ozmit, Connie C. Taylor, Lt., Annie Sellers, DHO, Robin Chavis, Warden, Shanya McRae, Officer, Willie L. Eagleton, Warden, | ) |
|        Defendants. | ) |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Doc. 37], filed on January 31, 2012, recommending that Defendants' Motion for Summary Judgment [Doc. 26] be granted and Plaintiff's motions [Docs. 12, 13, 15 and 23] be terminated as moot. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in

1

part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff brings this action against Defendants under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights and for civil conspiracy. More specifically, Plaintiff asserts that, while he was housed at Evans Correctional Institution, Defendants violated his due process rights in relation to a disciplinary hearing regarding two charges of being "Out of Place."[1] Plaintiff alleges that Defendants provided misleading information and withheld exculpatory information, thereby subjecting him to charges and disciplinary convictions. Plaintiff asserts that Defendants' alleged violations of his constitutional rights amounted to an unreasonable seizure of his property in violation of the Fourth and Fourteenth Amendments.

Plaintiff timely filed objections to the Magistrate Judge's Report [Doc. 39]. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As a preliminary matter, the court notes that in Plaintiff's first set of objections contained in the document entitled "Objections to Magistrate Judge's Report and Recommendation" [Doc. 39], he writes the document in the form of an order granting his requested relief. The court, however,

---

[2] The charge of "Out of Place" appears to pertain to an inmate's unauthorized presence in an area.

2

discerns the following objections by Plaintiff to the Magistrate Judge's Report: 1) the Magistrate Judge erred by determining that Defendants are entitled to qualified immunity for their alleged constitutional violations of Plaintiff's due process rights; 2) the Magistrate Judge committed sanctionable misconduct by erring in determining that Plaintiff had not presented a genuine issue of material fact as to his claim that Defendants' actions amounted to an unreasonable seizure of his property in the form of good time credits; 3) the Magistrate Judge erred by failing to determine that Defendants failed to prepare a written statement about the evidence Plaintiff relied upon for the allegedly unreasonable disciplinary infraction; and 4) the Magistrate Judge erred by failing to determine that Defendants conspired to withhold exculpatory information.

In Plaintiff's second set of objections [Doc. 40], also written in the form of an order, Plaintiff objects that the Magistrate Judge erred in improperly granting Defendants' Motion for Summary Judgment because Plaintiff put forth "more than a metaphysical doubt" as to material facts. Plaintiff accuses the Magistrate Judge of bias and retaliation against him and seeks sanctions against the Magistrate Judge. Plaintiff further asserts that the Magistrate Judge failed to address Defendants' alleged unreasonable seizure of Plaintiff's property.

As to the first objection, the Magistrate Judge appropriately never reached the issue of whether Defendants were entitled to qualified immunity for their alleged action because Plaintiff had not followed the proper administrative procedures to have his convictions overturned, and thus, the court could not address his underlying claims for due process violations by Defendants. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

As to the second and third objections related to the alleged due process violations, the court finds that the Magistrate Judge appropriately found that Plaintiff's claim is barred. Plaintiff claims

3

that he was not in an unauthorized area but instead was in the library to purchase copies and the general population was allowed to be in areas attendant to school and work assignments. The Magistrate Judge recommended the granting of Defendants' Motion for Summary Judgment on the basis that Plaintiff failed to show that his conviction for Out of Place had been overturned or otherwise invalidated, which is a necessary predicate to recovery of damages under § 1983 on a claim for an allegedly unconstitutional conviction. *See id.*

As to the fourth objection, the court finds that the Magistrate Judge correctly found that Plaintiff failed to allege any facts to establish a claim for conspiracy against Defendants. Instead, Plaintiff alleges facts related to independent actions by Defendants, but alleges no facts to show that Defendants acted in concert to commit a conspiracy against him.

As to Plaintiff's second set of objections, the court finds that the Magistrate Judge appropriately addressed all of Plaintiff's claims within the Report. In response to Plaintiff's argument that the Magistrate Judge specifically failed to address Plaintiff's claim of unreasonable seizure of property, the court notes that Plaintiff's Complaint [Doc. 1-1] generally seeks a restoration of "all Unreasonable Seizure of Property." To the extent that Plaintiff refers to the loss of good time credits, Plaintiff's sole federal remedy in seeking the restoration of good time credits is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Therefore, after extensive review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 26] be **GRANTED** and that Plaintiff's motions [Docs. 12, 13, 15, and 23] be terminated as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 23, 2012
Greenville, South Carolina